# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRO GORRIN PARRA, | Old Case No. 1:26-cv-03414 JLT FJS |
| Petitioner, | **New Case No. 1:26-cv-03414 KES FJS** |
| v. | ORDER RELATING CASES AND REASSIGNING DISTRICT JUDGE |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | ORDER CONSOLIDATING CASES |
| Respondents. | |
| ANDRO GORRIN PARRA, | Case No. 1:26-cv-00681 KES FJS |
| Petitioner, | ORDER CONSOLIDATING CASES |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Pursuant to Local Rule 123, the Court finds the above actions are related because they involve overlapping parties, properties, claims, events and/or questions of fact or law. Assignment of the actions to the same district judge and magistrate judge will promote convenience, efficiency, and economy for the Court and parties.  Thus, the Court ORDERS that Case No. 1:26-cv-03414 JLT FJS is reassigned to U.S. District Judge Kirk E. Sherriff and U.S. Magistrate Judge Frank J. Singer and shall bear the Case No. 1:26-cv-03414 KES FJS.

1

In addition, this Court has broad authority to control its own docket, including the authority to "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions" after "weighing the equities of the case[.]" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The Court's discretion over these matters includes the power to undertake consolidation sua sponte. *Martinez v. LVNV Funding LLC*, No. 1:24-cv-01228-JLT-CDB, 2025 WL 347307, at *1 (E.D. Cal. Jan. 30, 2025) (citing *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016)). In determining whether consolidation is appropriate, the Court considers any "common question of law or fact," Fed. R. Civ. P. 42(a)(2), and "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

As the matters present overlapping questions of law and fact, consolidation will improve efficiency. It does not appear that consolidation could possibly inconvenience or prejudice any party. Good cause appearing, the Court ORDERS that these cases be CONSOLIDATED. Case No. 1:26-cv-00681 KES FJS shall be the lead case.

IT IS SO ORDERED.

Dated:   June 4, 2026

_____
UNITED STATES DISTRICT JUDGE